Tilshman C. J.
The plaintiffs made a lease for three years of the lot in dispute, to the defendants on the 81st of December 1800. At the time of making this lease, it was known that the defendants claimed the property of the lot by grant from the commonwealth, under an act of assembly, passed 4th April 1799. Both parties expected that the title would be decided by a law suit, and therefore although the plaintiffs were willing to part with the possession for three years, yet they took care to insert a covenant, that the possession should be restored to them at the end of the lease, and that the possession to be held by the defendant under the lease should have no effect on the right of either party, which it was the wish and intention of both, to decide by legal trial. In pursuance of this intention, an amicable ejectment was brought to March term 1806, and the following agreement was indorsed on the declaration. [The Chief Justice then read the agreement.]
At the trial the defendants offered to show their title under the commonwealth,to which the plaintiffs objected, insisting that the defendants having come into possession under the lease before mentioned, ought not to be permitted to contest the title of their landlords. The judge before whom the cause was tried, was of opinion that the defendants might show their title, upon which it was agreed that a nonsuit should be entered, and the point reserved for the decision of this court. The question depends on the agreement indorsed on the declaration, for independent of that agreement, it is very clear that the defendants should not have been permitted to dispute the title of their landlords, especially after the covenant which I have mentioned in the lease. If the plaintiffs’ instruction be right, the agreement answered no purpose whatever. It left the parties just as it found them, that is to say, the plaintiffs either with or without the agreement would have been sure of a recovery in the ejectment. But such does not appear to have been the intent of the parties. The object of the agreement was that the right should be tried, but that the defendants should derive no benefit from the possession ; on the contrary, that the plain *263 tiffs should have all the advantages arising from actual possession. But what is the advantage arising from possession ? It. is this, that the adverse party shall be obliged to show a better right.
The defendant in an ejectment may stand upon his possession, until the plaintiff shows a better right. Ou this principle, the plaintiffs would have been called on to show their title. But the agreement reversed the usual course of proceeding, and entitled the plaintiffs to a recovery, unless the defendants showed a better title. This construction insures to the plaintiffs all the benefit of the covenant in the lease, and indeed gave them every thing they could wish. It would have answered no purpose to obtain the possession, and be immediately involved in a new suit, in which the right must be investigated. The sooner they came to the point the better. Indeed the plaintiffs gained an advantage by this agreement, because had the possession been restored to them, and then the bridge company brought an ejectment, the mayor, aldermen, &c., would have been subject to inconvenience from particular provisions in some of the acts of assembly under which the bridge company derived title. I am therefore of opinion that the nonsuit was properly entered.
Yeates J.
The sole question in this case arises on the true construction of the agreement, indorsed on the ejectment, filed 17th March 1806. And I have no doubt that the judge who sat on the trial at Nisi Prius, assigned the true meaning to that instrument.
• It was expressly agreed, that the title to the premises in dispute, should be tried under the declaration, and that the mayor, aldermen and citizens, should have all the advantages in the trial, which would result to them from actual possession, if the court should be of opinion that the right of *possession was in them. Taking the whole together, the import of the expressions made use of, is obvious. The city corporation had leased the ground to the company for three years, ending the 1st January 1804, under the annual rent of 150 dollars, and possession was to be delivered up to the former on the expiration of the term ; but it was stipulated that the lease should not affect the right or claim of either of the parties. When the lease was executed, the bridge company possessed all the rights of the commonwealth, under an act of the. legislature passed on the 4th April 1799. I construe it then thus. The bridge company was to admit the actual possession of the premises, to be in *264 the mayor, aldermeu and citizens, on the trial; but the title thereto was to be tried. Actual possession, and the right of possession, are distinct subjects; the latter was submitted to the opinion of the court. The instrument in my idea, is susceptible of no other meaning. If the former relation of landlord and tenant was supposed to exist between the parties, or to draw after it the legal consequences, it is clear that the decision must necessarily be in favor of the lessors of the plaintiff; and though the title of the defendant were ever so good, it could not be investigated. There could be no mutuality in such an agreement; and such a construction would defeat the plain expressions of trying the title.
I am therefore of opinion, that the motion to take off the nonsuit be denied.
Brackenbidse J. was of the same opinion.
Motion denied.